Steven **GILBERT**, by his mother and father and next friends Veronica **GILBERT** and Carey Gilbert, Petitioners–Appellants,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Respondent–Appellee.

No. 94–5132.

United States Court of Appeals, Federal Circuit.

March 21, 1995.

Mark Granzotto, Detroit, MI, argued for petitioners-appellants. With him on the brief was Richard A. Lenter, of Southfield, MI.

Linda S. Renzi, Atty., Dept. of Justice, Washington, DC, argued for respondent-appellee. With her on the brief were Frank W. Hunger, Asst. Atty. Gen., Helene M. Goldberg, Director and John Lodge Euler, Deputy Director. Of counsel was Gerard W. Fischer.

Before RICH, Circuit Judge,
FRIEDMAN, Senior Circuit Judge, and
MICHEL, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

Section 21(a) of the National Childhood Vaccine Injury Act of 1986 (the Vaccine Act), 42 U.S.C. § 300aa–21(a) (1988 & Supp. V 1994), provides that if the Court of Federal Claims has entered a final judgment under the Act for vaccine-related injury, the petitioner must file with that court within 90 days of the judgment a written election to accept the judgment or to file a civil action for damages for such injury. If the petitioner does not file an election within that period, the petitioner is deemed to have elected to accept the judgment. If the vaccine was administered after October 1, 1988, a person who accepts, or is deemed to accept, the judgment is barred from filing a civil action for more than $1000 damages against a vaccine administrator or manufacturer for the vaccine-related injury. The Court of Federal Claims held that it has no authority to permit an election to be filed after the 90 day period. We affirm.

## I

A. The trial under a petition for compensation filed under the Vaccine Act for vaccine-related injuries is held before a Special Master of the Court of Federal Claims. 42 U.S.C. § 300aa–12(d) (Supp. V 1994). Upon objections by either party—the petitioner or the Secretary of Health and Human Services, who is the respondent in the proceeding, 42 U.S.C. § 300aa–12(b)(1) (Supp. V 1994)—to the Special Master's findings or conclusions, the Court of Federal Claims reviews the Special Master's decision to determine whether it is arbitrary, capricious, an abuse of discretion or contrary to law. 42 U.S.C. § 300aa–12(e) (Supp. V 1994). Following the decision of the Court of Federal Claims, either party may appeal to the Court of Appeals for the Federal Circuit. 42 U.S.C. § 300aa–12(f) (Supp. V 1994). Alternatively, the petitioner may file a civil action for damages against a vaccine administrator or manufacturer in state or federal court if "such person elects under § 300aa–21(a) of this title to file such an action." 42 U.S.C. § 300aa–11(a)(2)(A)(i)(II) (Supp. V 1994).

Section 300aa–21(a), captioned "Election," states that if the judgment of the Court of Federal Claims did not award compensation, the petitioner "shall file with the clerk of the United States Court of Federal Claims"

> an election in writing to accept the judgment or to file a civil action for damages for such injury or death.

> An election shall be filed under this subsection not later than 90 days after the date of the court's final judgment with respect to which the election is to be made. If a person required to file an election with the court under this subsection does not file the election within the time prescribed for filing the election, such person shall be deemed to have filed an election to accept the judgment of the court.

42 U.S.C. § 300aa–21(a) (1988 & Supp. V 1994)

Section 300aa–11(a)(2) specifies the consequences of a voluntary or deemed election to

accept the judgment of the court in an action, such as this one, brought for injuries from a vaccine administered after October 1, 1988. It states that once the court has issued a judgment, a plaintiff may not bring an action for more than $1000 against a vaccine administrator or manufacturer unless he files an election that rejects the judgment of the Court of Federal Claims.

**B.** On August 6, 1993, the Court of Federal Claims entered its final judgment dismissing Gilbert's petition for review of the decision of the Special Master that denied compensation for alleged vaccine-related injuries. Under the 90 day period in § 21(a) of the Vaccine Act, Gilbert had until November 4, 1993 to file with the clerk of the Court of Federal Claims his election whether to accept the judgment of the Court of Federal Claims or to file a civil action for damages. Gilbert did not file an election.

Instead, on October 4, 1993, the conservator of Gilbert's estate filed in the United States District Court for the Eastern District of Michigan a complaint against the United States, certain government agencies, and the unknown manufacturer of the vaccine for damages for Gilbert's alleged vaccine-related injuries. The United States moved to dismiss that action for lack of jurisdiction, because of Gilbert's failure to file an election in the Court of Federal Claims.

On January 12, 1994—158 days after the entry of the Court of Federal Claims' final judgment—Gilbert moved in the Court of Federal Claims to file a late election to reject the August 6, 1993 final judgment. The court denied the request, holding that it had no authority to depart from the filing deadlines Congress established in the Vaccine Act. The court ruled that "petitioners cannot file a late election because Congress established binding deadlines for the filing of such an election and petitioners failed to meet those deadlines."

On May 31, 1994, shortly after the decision of the Court of Federal Claims denying leave to file the late election, the district court dismissed the suit, because of Gilbert's failure to file a timely election with the Court of Federal Claims. Gilbert has appealed that ruling to the Court of Appeals for the Sixth Circuit which, we have been advised, has stayed proceedings pending our decision in this case.

## II

**A.** In § 21(a) of the Vaccine Act, Congress explicitly and unequivocally specified the precise procedure to be followed after the Court of Federal Claims enters a final judgment on a petition for compensation under that Act. Within 90 days after a judgment not to award compensation becomes final, the petitioner "shall file with the clerk of the United States Court of Federal Claims ... an election in writing to accept the judgment or to file a civil action for damages for such injury or death." 42 U.S.C. § 300a–21(a) (1988 & Supp. V 1994). Congress, recognizing that some petitioners might not file such an election, provided the consequence of failing to do so; if such person "does not file the election within the time prescribed for filing the election, such person shall be deemed to have filed an election to accept the judgment of the court." *Id.*

Congress also stated the consequence for a losing petitioner of failure to file a timely election. In an action brought for injuries for a vaccine administered after October 1, 1988, unless the petitioner "elects under § 300aa–21(a) of this section to file" a civil action for damages, he may not "bring a civil action for damages in an amount greater than $1000 ... against a vaccine administrator or manufacturer." 42 U.S.C. § 300aa–11(a)(2)(A) (Supp. V 1994).

Congress could not have provided more clearly that an indispensable condition to filing a civil suit for damages exceeding $1000 against a vaccine administrator or manufacturer after the final decision by the Court of Federal Claims is the filing with the clerk of that court within 90 days of the judgment of a written election to file a civil suit for damages. Those were the express terms upon which Congress authorized the filing of a civil damage suit, and Congress also explicitly provided that a petitioner who failed to file a timely election could not maintain a civil damage suit for more than $1000.

Both the unambiguous and explicit language and the basic design of the statute demonstrate that the Court of Federal Claims correctly held that it had no authority to permit the filing of an untimely election. Such a filing would vitiate the carefully constructed and detailed statutory scheme Congress provided for the litigation of damage claims for vaccine-related injuries. Courts must follow and cannot depart from the clear intent of Congress expressed in unambiguous language.

■ **B.** Gilbert contends, however, that Rule 60(b)(1) of the Rules of the Court of Federal Claims, which tracks the same numbered rule of the Federal Rules of Civil Procedure, authorized the Court of Federal Claims to permit an untimely election. He relies upon the language of that rule that permits a court to relieve a party "from a final judgment, order, or procedure for … excusable neglect."

We do not see how this provision in any way relates to Gilbert's request. Gilbert did not seek relief from any "judgment" or "order;" rather, he rejected the final judgment denying him compensation and sought to file an untimely election to enable him to proceed with his district court damage suit. Nor can he be properly viewed as seeking relief from a "proceeding." Whatever the latter term may cover, it refers to relief from some prior judicial action. In seeking to file an untimely election, Gilbert was seeking relief not from any action of the Court of Federal Claims, but from the operation of a statute that provides that he file an election within 90 days of the judgment and that failure to do so bars him from maintaining a damage suit for more than $1000.

In any event, Rule 60(b)(1) does not permit the court to depart from the specific and clear statutory terms of the Vaccine Act. Just as Federal Rule of Civil Procedure 60(b) "cannot be employed to toll, extend, or waive the time period for appeal," *Widdoss v. Secretary of HHS,* 989 F.2d 1170, 1178 (Fed. Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993), so the Court of Federal Claims analog cannot be used to extend the time within which an election must be filed under § 21(a) of the Vaccine Act. "[I]t is well settled that '[a]n authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge its jurisdiction[.]'" *Id.* at 1177 (quoting *United States v. Sherwood,* 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941)) (footnote omitted). The Vaccine Act gives the Court of Federal Claims no authority to waive the time limits Congress provided for filing an election.

■ **C.** Finally, Gilbert invokes the doctrine of equitable tolling to avoid the time bar of § 21(a). Assuming without deciding that the doctrine sometimes may be used to do that, such relief is provided only "sparingly." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). Gilbert has not established a case for equitable tolling.

Gilbert does not claim that his failure to file a timely election resulted from "affirmative misconduct on the part of [the government that] lulled [him] into inaction." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). Nor does he contend that his own situation precluded him from filing on time. His sole justification is that his lawyer made a mistake because the lawyer erroneously believed that filing a civil damage action within the 90 day period constituted a valid election under § 21(a). For the reasons already given, we do not see how any attorney possibly could so read the statute, which states that within 90 days of the judgment the petitioner "shall file with the clerk … an election in writing…."

"[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County,* 466 U.S. at 152, 104 S.Ct. at 1726. The negligence of Gilbert's attorney does not justify applying equitable tolling.

## CONCLUSION

The order of the Court of Federal Claims denying leave to file a late election is

**AFFIRMED.**