Elton BAILISS and Sally Bailiss
as Co–Guardians of Sherry
Bailiss, Petitioners,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 90–1849V.

United States Court of Federal Claims.

Nov. 26, 1996.

Vincent McGowan, Los Angeles, CA, for petitioners.

Virginia K. Putnam, Washington, D.C., with whom were Acting Assistant Attorney General Frank W. Hunger and Director Helen M. Goldberg, for respondent.

## ORDER

MOODY R. TIDWELL, III, Judge:

For the reasons set forth below, the court denies petitioners' motion for relief for failure to timely file an election to reject judgment within 90 days after the Special Master's judgment.

## FACTS

On September 28, 1990, Elton and Sally Bailiss filed suit on behalf of their daughter Sherry pursuant to the National Childhood Vaccine Injury Act of 1986. The case was heard before Special Master E. LaVon French who entered judgment for the Secretary of the Department of Health and Human Services on October 30, 1995.

After the decision was announced but prior to judgment being entered, petitioners' counsel, Christopher P. Leyel ("counsel"), allegedly prepared an election to reject judgment pursuant to 42 U.S.C. § 300aa–21(a) (1994). Counsel gave this document to his secretary, Alexandra Freire, with instructions to print it in final form once the judgment was entered and then obtain counsel's signature and file the election. On October 26, 1995, four days before the Special Master's judgment, Ms. Freire took maternity leave for three months. Prior to her leave, Ms. Freire trained a temporary secretary and allegedly gave her a list of duties that included filing the election. "For some reason ... the temporary secretary never prepared the document." Petitioners' Motion for Relief filed on August 6, 1996 at 5–6. Ms. Freire returned to the office on January 8, 1996, and assumed that the election had been filed. Apparently, counsel never conducted any follow-up on the filing. He ceased to work for his firm on June 6, 1996.

Since an election to reject judgment must be filed within 90 days of the Special Master's judgment, the last day to file this election was January 30, 1996. On July 7, 1996, petitioners inquired about the status of the election only to learn that it had not been filed. On August 6, 1996, over 180 days after the Special Master's judgment, an untimely election to reject judgment and a motion for relief in failing to timely file the election to reject judgment were filed. Petitioners claim that the untimely filing was due to excusable neglect and therefore should be allowed.

## DISCUSSION

### I. The National Childhood Vaccine Injury Act of 1986

■ Section 21(a) of the National Childhood Vaccine Injury Act of 1986, ("Vaccine Act") provides in relevant part that:

[T]he petitioner who filed the petition under section 300aa–11 of this title shall file with the clerk of the United States Court of Federal Claims . . .

(2) . . . an election in writing to accept the judgment or to file a civil action for damages for such injury or death.

An election shall be filed under this subsection not later than 90 days after the date of the court's final judgment with respect to which the election is to be made. If a person required to file an election with the court under this subsection does not file the election within the time prescribed for filing the election, such person shall be deemed to have filed an election to accept the judgment of the court.

42 U.S.C. § 300aa–21(a) (1994). This provision clearly establishes that petitioners are deemed to have accepted the judgment of the court unless they file an election no later than 90 days from the judgment date. The "unambiguous and explicit language and the basic design of the statute" prevents the Court of Federal Claims from permitting the filing of an untimely election. *Gilbert v. Secretary of Health & Human Servs.*, 51 F.3d 254, 257 (Fed.Cir.1995). "Such a filing would vitiate the carefully constructed and detailed statutory scheme Congress provided for" in the litigation of vaccination injuries. *Id.* Courts must follow the clear intent of Congress absent ambiguous language. *Id.*; *Brown v. Secretary, Dep't of Health & Human Servs.*, 920 F.2d 918, 920 (Fed.Cir.1990) (citing *Sullivan v. Stroop*, 496 U.S. 478, 482, 110 S.Ct. 2499, 2502, 110 L.Ed.2d 438 (1990), and *Electronic Sys. Assocs., Inc. v. United States*, 895 F.2d 1398, 1400 (Fed.Cir.1990)).

Therefore, since petitioners filed an untimely election to reject judgment under 42 U.S.C. § 300aa–21(a), this court cannot depart from the clear language of both the Vaccine Act and the precedent interpreting the Act which dictate that petitioners are deemed to have accepted the judgment of the Special Master as of January 30, 1996.

### II. Rule 60(b) of the Rules of the Court of Federal Claims Does Not Provide A Basis for Petitioners' Relief

■ Petitioners contend that the Rules of the Court of Federal Claims ("RCFC") authorize this court to permit an untimely election when the untimeliness is due to "excusable neglect." Rule 60(b) provides that:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment.

Ct.Fed.Cl.R. 60(b).

Rule 60(b) was enacted by the Court of Federal Claims to govern practice and procedure in matters before the court. *Widdoss v. Secretary of the Dep't of Health & Human Servs.*, 989 F.2d 1170, 1177 (Fed.Cir.), *cert. denied, Widdoss v. Shalala*, 510 U.S. 944, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993). It is well-established that procedural rule-making authority cannot be used to expand the court's jurisdiction. *Id.* at 1177–78 (citing *United States v. Sherwood*, 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941); *RSH Constructors, Inc. v. United States*, 20 Cl.Ct. 1, 7 (1990); Fed.R.Civ.P. 82); *Gilbert*, 51 F.3d at 257.

In *Gilbert*, the Federal Circuit held that Rule 60(b)(1) "does not permit the court to depart from the specific and clear statutory terms of the Vaccine Act." 51 F.3d at 257. The petitioner in *Gilbert* argued that the language of Rule 60(b)(1) permits the court to relieve a party from "a final judgment, order, or proceeding for . . . excusable neglect." *Id.* The Federal Circuit, however, held that the petitioner's request to file an untimely election sought relief from the operation of 42 U.S.C. § 300aa–21(a) and not from any "judgment, order, or proceeding" stemming from prior *judicial* action. *Id.* Accordingly, the Federal Circuit rejected the petitioner's argument that Rule 60(b)(1) can

be used to toll the 90 day time bar of 42 U.S.C. § 30011–21(a). Rule 60(b)(1) is triggered only in response to action by a court, and not to the operation of a statute.

Additionally, Rule 60(b) as adopted by the Court of Federal Claims, mirrors Rule 60(b) of the Federal Rules of Civil Procedure which cannot be used to toll, extend, or waive the time period for appeal. *Widdoss,* 989 F.2d at 1178 (citing *Fiore v. Washington County Community Mental Health Ctr.,* 960 F.2d 229, 233 (1st Cir.1992); *Branum v. Clark,* 927 F.2d 698, 704 (2d Cir.1991); *Pryor v. United States Postal Serv.,* 769 F.2d 281, 286 (5th Cir.1985); *McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir.1984); FED.R.CIV.P. 60(b) advisory committee's note; *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978)). Likewise, the Court of Federal Claims cannot use Rule 60(b) to extend the time of the election under 42 U.S.C. § 300aa–21(a).

In the present case, petitioners do not seek relief from any judgment, order, or proceeding within the meaning of Rule 60(b), but instead seek relief from the election deadline of 42 U.S.C. § 300aa–21(a) in order to reject the Special Master's judgment and proceed with a damage suit. As in *Gilbert,* petitioners' request for relief pursuant to Rule 60(b) must be denied. Rule 60(b) cannot be used to toll or extend the election period Congress clearly provided for in 42 U.S.C. § 300aa–21(a).

### III. Petitioners Have Not Established A Case for Equitable Tolling

▆ Assuming *arguendo* that the doctrine of equitable tolling may be used to toll the time period in 42 U.S.C. § 300aa–21(a), petitioners have not shown that equitable tolling applies to this case. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990) (recognizing that federal courts have applied equitable tolling only sparingly). " '[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law.' " *Baldwin County Welcome Ctr. v. Brown,* 466 U.S.

147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).

The Supreme Court in *Irwin* stated that equitable tolling has been allowed "in situations where the claimant has actively pursued his judicial remedies ... or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." 498 U.S. at 96, 111 S.Ct. at 457–58. The principle of equitable tolling does not apply to the "garden variety" claim of excusable neglect, especially when the claimant fails to exercise due diligence in preserving legal rights. *Id.; Baldwin County Welcome Ctr.,* 466 U.S. at 151–52, 104 S.Ct. at 1726 ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

In *Baldwin,* the Supreme Court would not apply equitable tolling because the claimant failed to exercise due diligence and the situation was not one where: (1) the claimant received inadequate notice, (2) a motion for appointment of counsel by the court was pending, (3) the court led the plaintiff to believe that the plaintiff had done everything required, or (4) the defendant's affirmative misconduct lulled the plaintiff into inaction. 466 U.S. at 151, 104 S.Ct. at 1725. In *Gilbert,* 51 F.3d at 257, the petitioner claimed that the time bar of 42 U.S.C. § 300aa–21(a) should be tolled because the lawyer erroneously believed that filing a civil damage action, instead of filing an election in the Court of Federal Claims, constituted a valid election under the statute. The petitioner contended that his lawyer's action was an excusable mistake. In denying the petitioner's claim, the Federal Circuit stated that "[t]he negligence of [the] attorney does not justify applying equitable tolling." *Id.*

In the present case, petitioners contend that the excusable mistake of their counsel should not bar their claim from proceeding. They claim that counsel drafted an election and assigned the filing to his secretary, but the secretary's maternity leave and miscommunication with the temporary secretary

provided "extraordinary circumstances" which are worthy of relief. Petitioners' Motion at 5–6. More specifically, counsel stated:

It was my understanding that the temporary secretary was instructed to file the Election to Reject Judgment as soon as the Judgment came in. This secretary, although instructed to do so, neglected to submit a copy of the Election to Reject Judgment for my signature and subsequent filing after the judgment came in. As a result I was unaware of this error until only very recently, after I left the Harney Law Office.

Declaration of Christopher P. Leyel, Petitioners' Motion at 8.

These circumstances do not establish a case for equitable tolling because the untimeliness was not a result of (1) inadequate notice, (2) a pending court action which delayed the statutory period, (3) misunderstanding caused by the court, or (4) misunderstanding caused by the defendant's misconduct. None of the *Baldwin* factors or other similar circumstances prevented petitioners from filing their election. Petitioner's claim falls outside of the limited circumstances in which equitable tolling may apply.

Additionally, an absence of due diligence is the only reason why the election was over 180 days late. All that was needed to preserve the election here was minimal diligence in making sure that a simple administrative task was completed. At the very least, counsel should have checked with his secretary to confirm the actual filing, especially since his secretary was on maternity leave and the document required his signature. To claim that counsel's responsibility to file important documents ended with his instruction to his secretary is far from due diligence. As in *Gilbert,* the negligence of the attorney in the present case does not establish a case for equitable tolling.

* Originally issued as an unpublished Order on June 27, 1996. Published pursuant to the allow-

## CONCLUSION

It is unfortunate that the Bailiss' have lost their legal right to file an election to reject the Special Master's judgment. Nevertheless, this court does not have the authority to act upon sympathy for petitioners when their counsel fails to meet strict and important deadlines. For the reasons discussed above, petitioners' motion for relief for failure to timely file an election to reject judgment within 90 days is denied.