BRYSON, Circuit Judge.
Opinion filed for the court by Circuit Judge BRYSON.
Circuit Judge DYK concurs in the result.
James W. Phillips appeals from the decision of the United States Court of Appeals for Veterans Claims (the Veterans Court) dismissing his appeal for lack of jurisdiction. Because we conclude that the Veterans Court did not err in dismissing Mr. Phillips’s appeal for untimeliness, we affirm.
BACKGROUND
On August 31, 2000, Mr. Phillips filed a notice of appeal to the Veterans Court from a March 30, 2000, decision of the Board of Veterans’ Appeals. The notice of appeal was filed 155 days after the Board mailed its decision and 35 days after the statutory 120-day period for filing an appeal had expired. See 38 U.S.C. § 7266(a). Mr. Phillips argued to the Veterans Court that the untimeliness of his appeal should be excused because he had been hospitalized during some of the appeal period and had not received the Board’s decision until May 24, 2000, at which time 55 days of the allotted 120 days for filing the notice of appeal had passed. The court rejected Mr. Phillips’s argument that his ill health could be a basis for equitable tolling and therefore dismissed his appeal. The court also rejected Mr. Phillips’s other arguments, including his argument that the Board had misled him into believing that he could file a motion for reconsideration of the Board’s March 30, 2000, decision at any time and still preserve his appellate rights.
DISCUSSION
This court’s jurisdiction to review a judgment of the Veterans Court is limited by 38 U.S.C. § 7292(d)(2), which provides that “[ejxcept to the extent that an appeal ... presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” To the extent that Mr. Phillips’s appeal presents a challenge to 38 U.S.C. § 7266(a) as applied to the facts of his particular case, we do not have jurisdiction to consider his argument. See Leonard v. Gober, 223 F.3d 1374 (Fed.Cir.2000) (holding that we lacked jurisdiction to review the Veterans Court’s determination that equitable tolling did not apply in the case before it). For that reason, we do not have jurisdiction to address Mr. Phillips’s factual contention that his failure to file a timely appeal was the result of misleading statements by a representative of the Department of Veterans Affairs.
In part, Mr. Phillips’s argument appears to be a challenge to the Veterans Court’s ruling that the statutory provision governing the period for taking an appeal to that court, 38 U.S.C. § 7266(a), does not contemplate tolling of the appeal period for physical illness during a portion of the statutory period. In that respect, Mr. Phillips’s appeal presents a question as to the proper interpretation of a statute, as to which we have jurisdiction. See 38 U.S.C. § 7292(c); see also Bailey v. West, 160 F.3d 1360 (Fed.Cir.1998) (en banc).
*864 On the merits of that question of statutory interpretation, the Veterans Court stated that “to the extent that the appellant is claiming that his illness caused him to file an untimely NOA, there is no applicable precedent to suggest that equitable tolling would be appropriate.” The court is correct that neither Bailey nor the Supreme Court’s decision in Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), suggests that temporary physical illness can be the basis for equitable tolling of a federal statute that establishes a jurisdictional limitation on the time for filing an appeal. In Irwin, the Supreme Court stated:
We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary’s misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant faded to exercise due diligence in preserving his legal rights.
498 U.S. at 96, 111 S.Ct. 453 (footnotes omitted); see also Int’l Union of Elec., Radio & Mach. Workers v. Robbins & Myers, Inc., 429 U.S. 229, 237-38, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) (implying that tolling might be appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum). Temporary physical illness does not fall within any of the factors that the Court in Irwin cited as possible grounds for tolling. Nor does Bailey suggest any broader basis for equitable tolling. In Bailey, a veteran was misled by a Veterans Benefits Officer into believing that she would file his appeal. Relying on Irwin, the court held that “a veteran’s inducement by an adversary’s conduct is akin to grounds sufficient to toll a limitations period in a private suit.” Bailey, 160 F.3d at 1365. Thus, neither Irwin nor Bailey suggests that temporary physical illness may be the basis for equitable tolling.
Other circuits have extended Irwin to apply equitable tolling principles where the appellant or claimant was mentally ill during the statutory limitations period. See, e.g., Boos v. Runyon, 201 F.3d 178, 184 (2d Cir.2000) (acknowledging that mental illness may toll the statute of limitations, and noting that the question whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of that circuit, highly case-specific); Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996) (reiterating the rule that “mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them”); Nunnally v. MacCausland, 996 F.2d 1, 5 (1st Cir.1993) (stating that “[ejquitable relief is denied if the plaintiff was able to engage in rational thought and deliberate decision making sufficient to pursue his claim alone or through counsel”). However, none of those cases suggests that temporary physical illness can justify application of equitable tolling principles. On the contrary, the tests applied in those cases — the ability to manage one’s own affairs and to engage in rational thinking — suggest the contrary. Someone in Mr. Phillips’s position, who was temporarily hospitalized during part of the statutory limitations period, is typically still able to manage his own affairs and engage in rational thinking, at least during the period of non-hospitalization if not during the entire period. Such a person is there *865 fore fully capable of complying with the statutorily mandated appeals deadline, and equitable tolling is inappropriate. The Veterans Court was therefore correct to interpret section 7266(a) as excluding the possibility that temporary physical illness could ever be the basis for equitable tolling.
Mr. Phillips raises for the first time on appeal an argument that he was mentally impaired during the tolling period and therefore incapable of complying with the appeals deadline. To support his claim, he submits a determination of disability due to a “severe psychiatric condition,” made by the Social Security Administration on September 20, 1982. Even if we were inclined to consider this argument despite its not having been raised before the Veterans Court, it calls for a factual determination as to Mr. Phillips’s mental condition during the period when a timely appeal could have been filed and would therefore fall outside our jurisdiction. For that reason, we decline to address Mr. Phillips’s claim that the appeals period should be tolled in his case because of his mental impairment during that period.
Finally, Mr. Phillips raises various arguments relating to the merits of his underlying claim. Because the Veterans Court dismissed his appeal on timeliness grounds, his arguments on the merits are not properly before us, and we decline to address them.
DYK, Circuit Judge, concurs in the result.