# United States Court of Appeals for the Federal Circuit

2006-7314

LARRY J. NELSON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Paul B. Eaglin, Eaglin Law Office, of Fairbanks, Alaska, argued for claimant-appellant.

Armando Rodriguez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Steven J. Gillingham, Assistant Director and Sean B. McNamara, Trial Attorney. Of counsel was Thomas D. Dinackus, Trial Attorney. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

# United States Court of Appeals for the Federal Circuit

2006-7314

LARRY J. NELSON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

---

DECIDED: June 18, 2007

---

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

SCHALL, Circuit Judge.

Larry J. Nelson appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that dismissed as untimely his appeal from a decision of the Board of Veterans' Appeals ("Board"). Nelson v. Nicholson, No. 04-2341 (Vet. App. Apr. 21, 2006). In dismissing the appeal, the Veterans Court refused to equitably toll the filing deadline set forth in 38 U.S.C. § 7266(a) based on Mr. Nelson's claim of excusable neglect. We affirm.

BACKGROUND

I.

Mr. Nelson served in the United States military from August 1967 to April 1976; he suffers from post traumatic stress disorder ("PTSD"). Nelson, slip op. at 1. On July 13, 2004, the Board denied Mr. Nelson's claim for an earlier effective date for his PTSD. Id. The attorney who represented Mr. Nelson before the Board, Allen Vacura, did not wish to represent Mr. Nelson before the Veterans Court because of his lack of experience with appellate work. Id. at 1-2. Consequently, Mr. Vacura attempted to engage attorney Mike Zamboni to represent Mr. Nelson on appeal. Id. at 2. Per Mr. Zamboni's request, Mr. Vacura sent Mr. Zamboni a copy of the Board's decision. However, Mr. Vacura never received a reply from Mr. Zamboni. Id.

Pursuant to 38 U.S.C. § 7266(a), the deadline for filing a notice of appeal ("NOA") with the Veterans Court is 120 days from the date of the Board's decision. The deadline in Mr. Nelson's case was thus November 10, 2004, 120 days after July 13, 2004. Mr. Nelson was aware that there was a filing deadline for his NOA and attempted to contact Mr. Vacura several times to express concern that his NOA had not been filed. Id. On at least one occasion, Mr. Nelson was successful in contacting Mr. Vacura, who told him that lawyers could get around deadlines if needed. Id. Mr. Nelson did not believe Mr. Vacura, and Mr. Nelson grew angry and concerned about his claim. However, Mr. Nelson neither hired another lawyer nor filed his own NOA. Id.

With the deadline for filing the NOA imminent, Mr. Vacura repeatedly attempted to contact Mr. Zamboni to confirm that an NOA had been filed. Id. On December 1, 2004, which was twenty-one days after the filing deadline, Mr. Vacura still had not heard

from Mr. Zamboni. Id. Mr. Vacura attempted to call the supervising processing clerk of the Veterans Court. He was unable to reach the clerk, however, and his calls were not returned. Id. Finally, Mr. Vacura filed an NOA "out of an abundance of caution in order to assist Mr. Nelson in keeping his case alive until he can either find Mr. Zamboni or retain appellate counsel to assist him in this matter." Id. The Veterans Court received Mr. Nelson's NOA on December 3, 2004, 143 days after the Board issued its decision and twenty-three days after the statutory filing deadline. Id.

II.

The Veterans Court dismissed Mr. Nelson's appeal as untimely filed. The court explained that under 38 U.S.C. § 7266(a) the deadline for filing an NOA is 120 days and that Mr. Nelson's filing was twenty-three days late. Id. at 2-3. The court further explained that if an NOA is not timely filed, it does not have jurisdiction. Id. at 3. The Veterans Court acknowledged that equitable tolling is available to toll the 120-day judicial appeal period for filling an NOA under 38 U.S.C. § 7266(a), but stated that equitable tolling is not available in cases involving a "garden variety claim of excusable neglect." Nelson, slip op. at 5 (quoting Irwin v. Dep't of Vet. Affairs, 498 U.S. 89, 96 (1990)). The court distinguished Pioneer Investment Services Co. v. Brunswick Associates Ltd., 507 U.S. 380 (1993), upon which Mr. Nelson relied, on the ground that the applicable rule in that case included "excusable neglect" as a basis for tolling the applicable filing deadline, whereas in this case, the statutory and regulatory scheme did not include "excusable neglect." Nelson, slip op. at 4. The court continued that, in Gilbert v. Secretary of Health & Human Services, 51 F.3d 254 (Fed. Cir. 1995), "the Federal Circuit rejected ordinary attorney negligence as a basis for equitable tolling."

<u>Nelson</u>, slip op. at 5. Viewing Mr. Nelson's case as involving a claim of excusable neglect, the court refused to apply equitable tolling. <u>Id.</u>

The Veterans Court also addressed Mr. Nelson's claim that equitable tolling should apply because of extraordinary circumstances. <u>Id.</u> The Veterans Court has held that equitable tolling is available in a case involving extraordinary circumstances. <u>See</u> <u>McCreary v. Nicholson</u>, 19 Vet. App. 324, 332 (2005). The court has adopted a three-part test to determine when extraordinary circumstances warrant equitable tolling:

> First, the extraordinary circumstance must be beyond the appellant's control. Second, the appellant must demonstrate that the untimely filing was a direct result of the extraordinary circumstances. Third, the appellant must exercise "due diligence" in preserving his appellate rights, meaning that a reasonably diligent appellant, under the same circumstances, would not have filed his appeal within the 120-day judicial-appeal period.

<u>Id.</u> at 332. The Veterans Court first considered whether the requirement of an extraordinary circumstance beyond the appellant's control was met in Mr. Nelson's case. <u>Nelson</u>, slip op. at 6. The court determined that it was not, stating, "it is clear that ordinary attorney neglect, such as missing a filing deadline, does not rise to the level of an extraordinary circumstance, and thus does not warrant equitable tolling." <u>Id.</u> (quoting <u>Irwin</u>, 498 U.S. at 96). The court held that Mr. Vacura's actions were nothing more than "garden variety neglect." <u>Id.</u> The court also held that Mr. Nelson could not satisfy the due diligence requirement of the extraordinary circumstances test because he had not pursued his case with due diligence. <u>Id.</u> at 8-9.

Accordingly, the Veterans Court dismissed Mr. Nelson's appeal for lack of jurisdiction. <u>Id.</u> This appeal followed.

## DISCUSSION

### I.

We have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court "and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, except to the extent that an appeal from the Veterans Court presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. Id. § 7292(d). Pertinent to our jurisdiction, we have held that consideration of equitable tolling presents an inquiry into the interpretation of the Veterans Court's jurisdictional statute and thus is within the scope of our jurisdiction:

> We have consistently held that "when the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of the equitable tolling claim, this court has treated the question of the availability of equitable tolling as a matter of law that we are authorized by statute to address."

Mapu v. Nicholson, 397 F.3d 1375, 1379 (Fed. Cir. 2005) (quoting Bailey v. Prinicipi, 351 F.3d 1381, 1384 (Fed. Cir. 2003) (citing Jaquay v. Principi, 304 F.3d 1276, 1289 (Fed. Cir. 2002) (en banc))). Because the issue before us is whether equitable tolling is available under 38 U.S.C. § 7266(a) in a case of excusable neglect, we have jurisdiction to decide whether equitable tolling is appropriate in this case.

II.

Mr. Nelson argues that the Veterans Court should permit equitable tolling based on the standard of "excusable neglect."[1]  Mr. Nelson urges us to interpret Pioneer as inconsistent with Irwin and to permit equitable tolling in cases of attorney negligence. He asserts that we should "reconsider Irwin as it has been applied against veterans in the context of untimeliness and to join with other federal appellate courts that follow Pioneer," such as the Ninth Circuit in Pincay v. Andrews, 389 F.3d 852 (9th Cir. 2004) (en banc).  Mr. Nelson explains that "it is in Pioneer that the question was squarely presented regarding clear neglectfulness."  He claims that we should apply Pioneer and find his neglect excusable.

The Secretary responds that this court applied Irwin in Bailey v. West, 160 F.3d 1360, 1365 (Fed. Cir. 1998) (en banc), to find equitable tolling available in the veterans context, but that we have "consistently followed the Supreme Court's rejection of excusable neglect as a basis for equitable tolling."  E.g., Mapu, 397 F.3d at 1380 (quoting Irwin, 498 U.S. at 95-96); Andrews v. Prinicipi, 351 F.3d 1134, 1138 (Fed. Cir. 2003) (quoting Irwin, 498 U.S. at 96); Bailey, 160 F.3d at 1365 (quoting Irwin, 498 U.S. at 96).  Therefore, the Secretary argues, the Veterans Court properly rejected Mr. Nelson's argument that excusable neglect can equitably toll the filing period.

The Secretary distinguishes Pioneer on the ground that, in that case, the Court was interpreting Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which expressly provides for late filings to be accepted if the "result of excusable neglect."

---

[1]     On appeal, Mr. Nelson does not argue that equitable tolling is available to him because of extraordinary circumstances.

Pioneer, 507 U.S. at 382. Similarly, the Secretary explains that Pincay followed Pioneer to the extent that Pioneer interpreted "excusable neglect" in a statute, regulation, or rule. In Pincay, the applicable rule was Federal Rule of Appellate Procedure 4(a)(5)(A), which provides that "[t]he district court may extend the time to file a notice of appeal [under Rule 4(a)(1)(A)] if: . . . that party shows excusable neglect or good cause." See Pincay, 389 F.3d at 854-55. Because neither 38 U.S.C. § 7266(a) nor the Veterans Court's Rules of Practice explicitly provide that excusable neglect may serve to remedy a late filing, the Secretary argues that Pioneer and cases applying it are inapposite.

III.

We discern no error in the Veterans Court's rejection of Mr. Nelson's claim of equitable tolling. This court, en banc, addressed equitable tolling of section 7266(a)'s filing period in Bailey, 160 F.3d at 1363, 1367-68. In Bailey, we looked to Irwin for guidance on whether equitable tolling applies. We held that equitable tolling can serve to toll the filing deadline under section 7266(a). See id. at 1364. Subsequently, in Mapu, we explained that equitable tolling is not limited to the two circumstances described in Irwin because that "would run counter to our holding that 'requiring ruthless application of the time limit [of section 7266] is somewhat arbitrary.'" 397 F.3d at 1380 (quoting Bailey, 160 F.3d at 1364) (alteration in original). However, as the Secretary points out, we have always followed the guidance of Irwin that equitable tolling does not apply to "what is at best a garden variety claim of excusable neglect." E.g., Mapu, 397 F.3d at 1380; Andrews, 351 F.3d at 1138; Bailey, 160 F.3d at 1365; Gilbert, 51 F.3d at 257.

Under this well settled law, Mr. Nelson does not qualify for equitable tolling, because the Veterans Court determined that his case involved "nothing more than garden variety neglect." Nelson, slip op. at 7.  If all Mr. Nelson did was challenge this ruling by the Veterans Court, we would dismiss his case as beyond our jurisdiction. See Leonard v. Gober, 223 F.3d 1374, 1375-76 (Fed. Cir. 2000) (dismissing for lack of jurisdiction an appeal challenging the denial of a request for equitable tolling because it involved the application of law to facts).  However, Mr. Nelson argues that Pioneer should be read to be in tension with Irwin and that Pioneer's "excusable neglect" should be incorporated into the test for equitable tolling in veterans' cases.  He thus urges alteration of the standard for equitable tolling under 38 U.S.C. § 7266(a), a matter that we may consider.

We reject Mr. Nelson's argument.  As discussed above, in the context of 38 U.S.C. § 7266(a), this court has consistently adhered to Irwin's pronouncement that garden variety neglect cannot qualify for equitable tolling.  Unlike Mr. Nelson, we do not read Pioneer as having revised Irwin.  The provision at issue in Pioneer expressly allowed for late filings to be considered due to excusable neglect.[2]  In Pioneer, the Court stated: "In this case, we are called upon to decide whether an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can

---

[2]     Bankruptcy Rule 9006(b)(1) provides:

In General.  Except as provided in [exceptions not relevant here], when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

constitute '<u>excusable neglect' within the meaning of the Rule</u>." 507 U.S. at 382-83 (emphasis added). The statute at issue in <u>Irwin</u> did not contain such a provision.[3] Significantly, section 7266(a) also does not refer to excusable neglect as a ground for excusing a late filing.

When a rule setting forth a filing deadline has included language contemplating excusable neglect, we have looked to <u>Pioneer</u>. <u>See</u> <u>Info. Sys. & Networks Corp. v. United States</u>, 994 F.2d 792, 795-96 (Fed. Cir. 1993) (relying on <u>Pioneer</u> for interpretation of "excusable neglect" in Rule 60(b)[4] of the United States Claims Court (now the Court of Federal Claims)); <u>see also</u> <u>FirstHealth of the Carolinas, Inc. v. CareFirst of Md., Inc.</u>, 479 F.3d 825, 828-29 (Fed. Cir. 2007) (upholding the Trademark Trial and Appeal Board's ("TTAB's") reliance on <u>Pioneer</u> to interpret "excusable neglect" under Federal Rule of Civil Procedure 6(b)(2),[5] which applies to inter partes proceedings before the TTAB under 37 C.F.R. § 2.116(a)). However, in the absence of

---

[3] In <u>Irwin</u>, the Court rejected a claim for equitable tolling in a case of garden variety neglect under 42 U.S.C. § 2000e-16(c), which provides in relevant part:

> Within thirty days of receipt of notice of final action taken by . . . the Equal Employment Opportunity Commission . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title . . . .

498 U.S. at 94.

[4] Rule 60(b) of the United States Court of Federal Claims provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."

[5] Federal Rule of Civil Procedure 6(b) states in relevant part:

such a provision, we have consistently refused to apply equitable tolling in the case of a claim of "garden variety excusable neglect," such as exists in this case.  See Mapu, 397 F.3d at 1380; Andrews, 351 F.3d at 1138; Bailey, 160 F.3d at 1365; Gilbert, 51 F.3d at 257.

In sum, Pioneer speaks to the circumstance in which the term "excusable neglect" is found in a statute or rule.  Absent a reference to "excusable neglect" in a statute or rule, Irwin and its progeny control the question of whether equitable tolling applies.  Section 7266(a), which does not contemplate "excusable neglect," is not subject to equitable tolling in cases of a "garden variety claim of excusable neglect." See Irwin, 498 U.S. at 96.  The Veterans Court did not err in dismissing Mr. Nelson's claim as untimely filed.

## CONCLUSION

The final decision of the Veterans Court dismissing Mr. Nelson's appeal for lack of jurisdiction is affirmed.

## AFFIRMED

---

(Cont'd. . . .)

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.