PROST, Circuit Judge,
dissenting.
The majority’s pronouncements on attorney abandonment are pure dicta; this appeal is plainly beyond our jurisdiction. I therefore respectfully dissent.
I
This case is not factually complex. Ms. Sneed contacted an attorney, Katrina Eagle, with the intent of retaining her in her appeal to the Veterans Court. After she contacted Ms. Eagle’s office several times, Ms. Sneed received a formal letter from Ms. Eagle on August 2, 2011, informing her that Ms. Eagle could not represent her because her benefits claim was meritless. In the letter, Ms. Eagle erroneously informed Ms. Sneed that her Notice of Appeal (“NOA”) was due August 5, 2011, instead of August 8, 2011. After receiving Ms. Eagle’s letter, Ms. Sneed did not file her NOA by August 3, 2011. Nor did she file it by the day Ms. Eagle told her it was due, August 5, 2011. Instead, Ms. Sneed waited thirty days after receiving Ms. Eagle’s letter to finally fax her handwritten one-page NOA to the Veterans Court. Thus, Ms. Sneed’s NOA was filed twenty-nine days late.
The Veterans Court rejected Ms. Sneed’s request to excuse her untimely NOA. It found that Ms. Sneed knew that she did not need “an attorney to proceed before the Court,” and “regardless of whether Attorney Eagle misinformed [Ms. Sneed] of the NOA due date by two days, [Ms. Sneed] filed her NOA 29 days after it had been due.” J.A. 49. Those facts, the Veterans Court concluded, demonstrated that “the circumstances leading up to [Ms. Sneed’s] late NOA are not extraordinary, but rather evidence general negligence or procrastination.” Id.
II
The majority insists, however, that the Veterans Court committed legal error by not recognizing that attorney abandonment can be a ground for equitable tolling of an NOA deadline. But we have jurisdiction when an appellant urges alteration of the standard for equitable tolling only “when the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of the equitable tolling claim.” Mapu v. Nicholson, 397 F.3d 1375, 1379 (Fed.Cir.2005) (emphasis added). The attorney abandonment doctrine does not “dictate the outcome of the equitable tolling claim” here. It was irrelevant to the Veterans Court’s disposition of this case and should be to ours.[1]
Ms. Sneed argued to the Veterans Court that Ms. Eagle’s actions excused two days of the twenty-nine-day delay in the filing of her NOA. The Veterans Court recognized that equitable tolling was improper *730 here because Ms. Sneed provided no explanation for the other twenty-seven days of the delay. Indeed, diligence or excuse is required for the entire period of delay to justify equitable tolling — explaining just two days of a twenty-nine-day delay in filing an NOA is insufficient as a matter of law. See Holland v. Florida, 560 U.S. 681, 130 S.Ct. 2549, 2565, 177 L.Ed.2d 130 (2010); see also Phillips v. Principi, 18 Fed.Appx. 862, 865 (Fed.Cir.2001) (collecting cases and explaining why a temporary external impediment lasting for a time shorter than the requested tolling period cannot justify equitable tolling). And diligence required for equitable tolling is reasonable diligence in the pursuit of an appeal — not diligence in pursuit of a new lawyer once abandoned by another. See Holland, 130 S.Ct. at 2565; see also Maples v. Thomas, — U.S. -, 132 S.Ct. 912, 927, 181 L.Ed.2d 807 (2012). The Veterans Court recognized that fact and denied Ms. Sneed’s request for equitable tolling because she had no justification for the entire period of delay in the filing of her NOA.[2]
Even if we were to improperly review the factual findings here, it should be quite clear that Ms. Eagle’s actions could not justify tolling Ms. Sneed’s NOA deadline for twenty-nine days. There is no reason apparent in the record or presented by Ms. Sneed to explain why she could not have faxed her handwritten one-page NOA to the Veterans Court in any of the thirty days following the receipt of Ms. Eagle’s letter. Ms. Sneed had access to a fax machine during that time, see J.A 19-26; she knew the Veterans Court’s fax number and the NOA deadline from the Board’s decision, J.A. 14; she was informed by Ms. Eagle that the NOA deadline was no later than August 5, 2011, J.A. 26; she was told in writing by Ms. Eagle that she could file her appeal herself, id.; and the Board’s decision informed her of additional resources she could consult to help in prosecuting her appeal on her own, J.A. 14— resources that she apparently waited thirty days to use and eventually lead her to file her NOA pro se.
Thus, it is quite apparent that, as the Veterans Court found, the untimeliness of Ms. Sneed’s NOA was due to her “general negligence or procrastination” — nothing more. Ms. Sneed had argued to the Veterans Court that, under the standard enunciated in Bove, the “circumstances [of this case] do not indicate ‘general negligence or procrastination.’ ” J.A. 37 (quoting Bove). The Veterans Court simply disagreed with Ms. Sneed on how to apply the facts to the law she advanced in her briefing — a decision over which we have no jurisdiction. 38 U.S.C. § 7292(d)(2).[3]
*731 ill
Nevertheless, the majority insists on interpreting the Veterans Court’s opinion in a way that allows it to correct what they see as a persistent&emdash;yet unspoken&emdash;policy of the Veterans Court to not recognize attorney misconduct as a basis for equitable tolling. Again, the majority overlooks the facts.
Ms. Sneed has conceded that the Veterans Court has “at least acknowledge^] the possibility that attorney abandonment may be a ground for tolling the deadline to appeal to the Veterans Court.” Appellant’s Rule 28(j) Letter, Aug. 21, 2013, ECF No. 44. And the Veterans Court has long recognized that egregious attorney misconduct&emdash;including abandonment&emdash;can justify equitable tolling of the NOA deadline and has applied that principle to equitably toll an NOA deadline for a veteran who was effectively abandoned by his counsel. See Nelson v. Nicholson, 19 Vet.App. 548, 553-54 (2006) aff'd, 489 F.3d 1380 (Fed.Cir.2007); Metras v. Shinseki, No. 12-2488, 2013 WL 3225068 (Vet.App. June 26, 2013) (denying equitable tolling after holding that the attorney abandonment standard from Maples and Holland did not apply to the facts of the case); Johnson v. Shinseki, No. 09-2407 (Vet.App. Mar. 20, 2012) (unpublished) (Appellee’s Rule 28(j) Letter attachment, Sept. 11, 2013, ECF No. 47) (finding attorney abandonment to be egregious misconduct justifying equitable tolling). Remarkably, that “egregious misconduct” standard is the same one recognized by the Supreme Court in Holland and adopted by the majority here. See Majority Op. at 726-27; Holland, 130 S.Ct. at 2564 (explaining that equitable tolling may be justified by “unprofessional attorney conduct” that proves “egregious”). It ought to be apparent, therefore, that the Veterans Court already recognizes attorney abandonment as a ground for equitable tolling. The majority’s concerns and holding are unwarranted.
IV
Like the majority, I recognize the sacrifices that veterans have made for our country. And I agree that they are “imbued with special beneficence” for their service to a grateful nation. Majority Op. at 728 (quoting Bailey v. West, 160 F.3d 1360, 1370 (Fed.Cir.1998) (en banc)). However, the provision of those benefits is a matter reserved to Congress. Likewise, the scope of our review of decisions relating to those benefits is determined exclusively by Congress. We should not evade the restrictions imposed on our jurisdiction by § 7292(d)(2) in a way that unnecessarily diverts the limited resources of the Veterans Court. I therefore cannot join the majority’s opinion.

. The majority asserts that the Veterans Court may have believed Ms. Sneed in fact exercised due diligence because the court made the following statement to conclude its opinion: "Thus the appellant fails to demonstrate that, despite her exercise of due diligence, circumstances prevented her from timely filing her NOA. See Bove and Bailey, both supra.” The majority's interpretation of this statement is remarkable. The Veterans Court’s statement was simply a recitation of the legal standard from Bove v. Shinseki, 25 Vet.App. 136 (2011), that Ms. Sneed did not satisfy. Recounting the standard does not mean that the Veterans Court believed an element to be satisfied. There is no confusion about the Veterans Court's findings here: equitable tolling was inappropriate because Ms. Sneed knew she could file her appeal herself and failed to adequately show that circumstances beyond her control prevented her doing so in a timely manner.

. The majority nevertheless declares that we have jurisdiction over her appeal because the "Veterans Court relied on [38 U.S.C.] § 7266(a) in dismissing Ms. Sneed’s [request for equitable tolling]” and Ms. Sneed challenges the application of that "provision” by the Veterans Court, Majority Op. at 724 n. 5. That statement reflects a fundamental misconception of the scope of our jurisdiction. If *731 it were true, then we would have jurisdiction over any equitable tolling decision by the Veterans Court. But we do not have such limitless jurisdiction. Section 7292(d)(2) expressly precludes us from reviewing any "challenge to a factual determination" or "to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292.