# United States Court of Appeals for the Federal Circuit

---

**GEORGE ROSEBERRY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2288

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-945, Judge Grant Jaquith, Judge Joseph L. Falvey, Jr, Judge William S. Greenberg.

---

Decided: March 31, 2025

---

HAROLD HAMILTON HOFFMAN, III, Veterans Legal Advocacy Group, Arlington, VA, argued for claimant-appellant. Also represented by MEGAN EILEEN HOFFMAN.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; DEREK SCADDEN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, CHEN, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

George Roseberry appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing his application for attorney fees under the Equal Access to Justice Act ("EAJA") as untimely. Because the Veterans Court utilized the correct "extraordinary circumstances" standard when determining that Mr. Roseberry's deadline for filing his application was not entitled to equitable tolling, we affirm.

I

Mr. Roseberry served in the United States Army from 1977 until 1989, during which time he sustained a lower back injury. In March 1994, Mr. Roseberry submitted a claim for service connection related to degenerative disc disease. The claim was denied three months later. Between 1998 and 2005 Mr. Roseberry unsuccessfully sought several times to reopen his claim. Then, on July 20, 2021, he obtained limited relief from the Veterans Court in the form of a remand to the Board of Veterans' Appeals. The Veterans Court docketed its mandate concluding Mr. Roseberry's appeal on October 15, 2021, but the mandate had an effective date of three days earlier, October 12, 2021, as was clear on its face.

On November 13, 2021, Mr. Roseberry filed, through counsel, an application for attorney fees under the EAJA, 28 U.S.C. § 2412. EAJA applications relating to successful Veterans Court appeals must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Consistent with the statute, the Veterans Court's Rules of Practice and Procedure ("Rules") require that "[a]n application pursuant to 28 U.S.C. § 2412(d) . . . shall be submitted for filing with the Clerk not later than 30 days after the

Court's judgment becomes final." U.S. Vet. App. R. 39(a). Veterans Court Rule 41(a) further provides that "[m]andate is when the Court's judgment becomes final." A Practioner's Note to the Rules cautions that, "[b]ecause entry of the mandate on the docket, including any notation as to the effective date of mandate, is a ministerial act, practitioners are cautioned to use diligence when calculating time periods so as to ensure timely filings." U.S. Vet. App. R. 41, Practitioner's Note.

Here, Mr. Roseberry's EAJA application was due November 12, 2021, 30 days after the Veterans Court's October 12, 2021 issuance of its mandate.[1] Mr. Roseberry's counsel, however, mistakenly relied on the date the mandate was entered on the docket, October 15, 2021, and miscalculated the deadline. As a result, Mr. Roseberry filed his application on November 13, 2021, one day late. When the Secretary of Veterans Affairs moved to dismiss the application as untimely, Mr. Roseberry's counsel stated that she "does not dispute that the attorney fee application was filed . . . more than 30 days after mandate" and, accordingly, she could not "dispute the current legal landscape that affords the Secretary the avenue to move to dismiss on this basis." App'x 17.[2]

The Veterans Court found that the application was untimely and that equitable tolling was unwarranted, given the absence of "extraordinary circumstances." The court granted the motion to dismiss. Mr. Roseberry then timely appealed to us.

---

[1] While November 12, 2021 is actually 31 days after October 12, 2021, the 30th day fell on a federal holiday (Veteran's Day).

[2] "App'x" refers to the Corrected Appendix filed by Mr. Roseberry. ECF No. 23.

## II

The only issue presented by this appeal is whether the statutory deadline to file an EAJA application in the Veterans Court, which indisputably can be equitably tolled upon proof of "extraordinary circumstances," can be tolled by proof of something other than "extraordinary circumstances." We agree with the Veterans Court that it cannot.

"Cases that require the application of the appropriate standard [of equitable tolling] to undisputed facts[] are properly questions of law reviewed de novo by this court." *Dobyns v. United States*, 101 F.4th 839, 842 (Fed. Cir. 2024) (alterations in original; internal quotation marks and citation omitted). Generally, "[a] litigant seeking equitable tolling bears the burden of establishing," among other requirements, "that some extraordinary circumstance stood in his way and prevented timely filing." *Sneed v. McDonald*, 819 F.3d 1347, 1351 (Fed. Cir. 2016). Our caselaw makes clear that "[a]bsent a reference to 'excusable neglect' in a statute or rule," the Supreme Court's decision in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), and its progeny "control the question of whether equitable tolling applies." *Nelson v. Nicholson*, 489 F.3d 1380, 1385 (Fed. Cir. 2007). *Irwin* and our cases construing it confirm that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." 498 U.S. at 96.

The relevant EAJA provision, 28 U.S.C. § 2412(d)(1)(B), which is applicable to appeals in the Veterans Court, provides in pertinent part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any

> attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

Plainly, there is no reference to "excusable neglect" in § 2412(d).

Nor is there any reference to "excusable neglect" in Veterans Court Rule 39(a), which states in relevant part:

> An application pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), for award of attorney fees and/or other expenses shall be submitted for filing with the Clerk not later than 30 days after the Court's judgment becomes final. *See* Rule 36 (Entry of Judgment) and Rule 41 (Mandate). The time for filing an application under this subsection is set by statute.

While Veterans Court Rule 4 provides that "excusable neglect" may be a basis for finding an otherwise untimely notice of appeal timely, that provision does not apply to EAJA applications, as is stated expressly in Rule 26(b). *See* U.S. Vet. App. R. 4(a)(3)(B)(i); U.S. Vet. App. R. 26(b) ("[T]he Court may not extend the time for filing a Notice of Appeal except as provided by Rule 4, or an application for attorney fees and expenses.").

Given the absence of any reference to "excusable neglect" in either § 2412(d) or Rule 39(a), it follows that, consistent with *Irwin*, equitable tolling of the deadline for filing an EAJA application in the Veterans Court is available only upon proof of "extraordinary circumstances." Mr. Roseberry concedes that his late filing was due to garden variety or ordinary neglect. Additionally, at oral argument, Mr. Roseberry effectively withdrew his prior contention that the Veterans Court erred by "refus[ing] to consider that garden variety neglect could be an extraordinary circumstance," which (he had alleged) improperly

created a "categorical ban." Op. Br. 31. As counsel agreed at oral argument, "if extraordinary circumstances is the correct standard, [it] is logical that, ordinary negligence, by definition, cannot be an extraordinary circumstance." Oral Arg. at 8:03-14.[3] We concur with this concession. *See Holland v. Florida*, 560 U.S. 631, 651-52 (2010) ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.'" (cleaned up)).

Therefore, the Veterans Court applied the proper standard for equitable tolling in dismissing Mr. Roseberry's EAJA application as untimely.

### III

Mr. Roseberry made other arguments in his briefs, each of which we have considered, and all of which were forfeited, raise issues outside of our jurisdiction, or lack merit. Thus, for the reasons stated above, we affirm the Veterans Court.

**AFFIRMED**

C OSTS

Each side to bear its own costs.

---

[3] *Available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-2288_03062025.mp3.